# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FREEDOM MENTOR, LLC,

   Plaintiff,

v.              Case No: 6:18-cv-1235-Orl-40DCI

JOHN SAEGER and JUSTIN FRANCISCO,

   Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendants' Motion to Dismiss (Doc. 28), and Plaintiff's Response in Opposition (Doc. 32). With briefing complete, the matter is ripe. Upon consideration, Defendants' motion is due to be granted in part and denied in part.

**I. BACKGROUND[1]**

Plaintiff, Freedom Mentor, LLC, brings this action against Defendants, John Saeger and Justin Francisco, doing business as YOURFREEDOMMENTOR.COM, asserting trademark infringement and related claims. (Doc. 8). Plaintiff is a limited liability company organized, and with its principal place of business, in Florida. (*Id.* ¶ 5). Defendants are residents of Utah and New York, respectively. (*Id.* ¶¶ 6–7). Plaintiff holds two registered trademarks to "FREEDOM MENTOR," and has spent substantial resources developing, promoting, and marketing its brand and the marks. (*Id.* ¶¶ 11–12).

---

[1] This account of the facts comes from the Amended Complaint. (Doc. 8). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

YOURFREEDOMMENTOR.COM is a website, through which Defendants offer "wealth building service[s]." (*Id.* ¶ 15). Plaintiff alleges that Defendants purchased sponsored listings from online search engines, Google and Yahoo, causing Defendants' website to appear as a promoted result when individuals search the term "freedom mentor." (*Id.* ¶¶ 16–20). Defendants also incorporated Plaintiff's trademarks on web marketing platforms and in communications with customers. (*Id.* ¶ 22). Moreover, Defendants' activities "caused third parties to review Plaintiff['s] . . . products and services" apparently after negative experiences with Defendants' business. (*Id.* ¶ 23). On at least one occasion, a confused consumer contacted Plaintiff to cancel a purchase order that the consumer had entered into with Defendants. (*Id.* at p. 39).

Based on these activities, Plaintiff pleads eleven Counts against Defendants in the Amended Complaint under federal and state law for trademark infringement and dilution, cybersquatting, false designation of origin, deceptive and unfair trade practices, and unjust enrichment. (*Id.* at pp. 7–23). Defendants move to dismiss for lack of personal jurisdiction and venue, and for failure to state a claim. (Doc. 28).

## II. STANDARD OF REVIEW

### A. Personal Jurisdiction

A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010). A complaint bringing claims against a nonresident defendant must allege "sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must accept the allegations in the complaint as true where they are uncontroverted by the defendant's affidavits and

resolve all reasonable inferences in the plaintiff's favor. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'" *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (quoting *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).[2]

### B. *Twombly/Iqbal*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal

---

[2] Defendants submitted affidavits merely to establish that they have never lived in Florida, do not own real or personal property in Florida, and have not "done any work in connection with the domain 'yourfreedommentor.com' while in" Florida. (Docs. 28-1, 28-2). Defendants' affidavits do not controvert the Amended Complaint's allegations, thus Plaintiff was not required to submit affidavits in response. *See Posner*, 178 F.3d at 1214.

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

## III. DISCUSSION

### A. Personal Jurisdiction

The first issue to be decided is whether Defendants are subject to specific personal jurisdiction before this Court.[3]

This Court may "exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Personal jurisdiction disputes involve a two-step inquiry: "(1) whether personal jurisdiction exists . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the

---

[3] Personal jurisdiction can be general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "'Specific' or 'case-linked' jurisdiction 'depends on an affiliatio[n] between the forum and the underlying controversy.'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear*, 564 U.S. at 919). An individual is subject to general jurisdiction only in the forum in which the individual is domiciled. *Goodyear*, 564 U.S. at 924. Plaintiff asserts that the Court has specific personal jurisdiction over Defendants. (Doc. 32, p. 8).

U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Defendants only challenge the second step, arguing that the exercise of personal jurisdiction over Defendants would violate the Due Process Clause. (Doc. 28, pp. 5–6).[4]

The Due Process Clause requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). If the plaintiff carries its burden of establishing that the defendant's contacts with the forum satisfies the minimum contacts requirement, then the burden shifts to the defendant to "make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355.

### 1. Minimum Contacts

The "minimum contacts" requirement "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum state, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello*, 544 F.3d at 1284 (internal citations omitted). This requirement can be met by a single act so long as it creates a "substantial connection" between the defendant and the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985).

---

[4] Although not in dispute, the Court finds that jurisdiction over Defendants is proper under § 48.193(b) of Florida's long-arm statute. *See Licciardello*, 544 F.3d at 1283 ("We have held that § 48.193(b) of the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state.").

Plaintiff has not shown that Defendants "purposefully directed" their activities at Florida to satisfy the "minimum contacts" requirement. Here, Defendants' only alleged contacts with Florida are (i) the operation of the website YOURFREEDOMMENTOR.COM, which is accessible in Florida, and (ii) the purchase of sponsored listings on internet search engines. (Doc. 1, ¶¶ 14–18). As alleged, these activities were not "purposefully directed" toward Florida, but instead indiscriminately targeted any individual with an internet connection regardless of their state of residence. *See DCS Real Estate Invs., LLC v. Bella Collina Events, LLC*, No. 5:14–cv–678, 2015 WL 628586, at *3 (M.D. Fla. Feb. 12, 2015) (finding the defendant's "online presence on websites accessible in Florida," without more, inadequate to satisfy the minimum contacts inquiry).

This finding does not end the personal jurisdiction inquiry. Notwithstanding the absence of minimum contacts, the *Calder* "effects" test provides a substitute basis for the exercise of personal jurisdiction in intentional tort cases. *Calder v. Jones*, 465 U.S. 783, 790 (1984). *Calder* allows for personal jurisdiction over nonresident defendants who commit (1) an intentional tort (2) aimed at the forum state (3) that causes harm in the forum state that was foreseeable. *Licciardello*, 544 F.3d at 1286. The *Calder* court noted that "untargeted negligence" is less likely than "intentional, and allegedly tortious, actions" to create personal jurisdiction. 465 U.S. at 789–90.

In *Licciardello*, the Eleventh Circuit found that the defendant had sufficient "minimum contacts" with Florida to satisfy due process where the defendant intentionally misappropriated the plaintiff's trademarks on a "website accessible in Florida" to benefit

6

the defendant's business. *Id.* at 1288 & n.8. The court was careful to limit its holding to the specific circumstances of that case:

> We hold only that where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief.

*Id.* at 1288 n.8.[5]

The Amended Complaint contains sufficient factual allegations to meet the "effects" test for personal jurisdiction. The Court is principally guided by *Licciardello*. Like the defendant there, Defendants allegedly used Plaintiff's registered trademarks intentionally "in order to misappropriate [the] name and reputation [of the marks] for commercial gain." *See Licciardello*, 544 F.3d at 1288. Defendants' conduct "was calculated to cause injury to [Plaintiff] in Florida," therefore Defendants "cannot now claim surprise at being haled into court here." *See id.* Because Defendants allegedly targeted Plaintiff in Florida to profit from its intellectual property, Plaintiff sufficiently alleged "something more" than remote, online trademark infringement, thus establishing an appropriate basis for personal jurisdiction. *Cf. DCS Real Estate Invs.*, 2015 WL 628586, at *4.

---

[5] In another personal jurisdiction decision involving the internet, the Eleventh Circuit similarly found that the defendant's contacts with Florida—namely, operating an interactive website accessible in Florida and "selling and distributing infringing goods through [the] website to Florida consumers"—taken together, satisfied "minimum contacts." *Mosseri*, 736 F.3d at 1339. The *Mosseri* court cautioned, however, that "the mere operation of an interactive website alone [does not] give[] rise to purposeful availment *anywhere* the website can be accessed." *Id.* at 1358.

7

## 2. *Fair Play and Substantial Justice*

To comport with Due Process, the exercise of jurisdiction over a defendant also must "not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. When "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477.[6] Here, Defendants have made no case—much less a "compelling case"—that exercising jurisdiction over Defendants would "offend traditional notions of fair play and substantial justice." *See Int'l Shoe*, 326 U.S. at 316; *Burger King Corp.*, 471 U.S. at 477; (Doc. 28). Furthermore, Florida has a strong interest in "affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288. Accordingly, exercising jurisdiction over Defendants would "not offend traditional notions of fair play and substantial justice." *See Int'l Shoe*, 326 U.S. at 316.

### B. Venue

Defendants next move to dismiss the Amended Complaint for improper venue.

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Trademark infringement is a tortious act "deemed to take place where the trademark owner resides." *Tile World Corp.*

---

[6] Relevant considerations "include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello*, 544 F.3d at 1288.

*v. Miavana & Family, Inc.*, No. 6:15-cv-919, 2015 WL 7839743, at *1 (M.D. Fla. Dec. 2, 2015). Because Plaintiff's principal place of business is located within the Orlando Division of the Middle District of Florida (Doc. 8, ¶ 5), venue in this district is proper. *See* 28 U.S.C. § 1391(b)(2); *Tile World Corp.*, 2015 WL 7839743, at *1. And even if venue under § 1391(b)(2) were improper, § 1391(b)(3) would authorize venue in this district in light of the Court's finding, *supra*, that Defendants are subject to the Court's personal jurisdiction.

### C. Stating a Claim

For good measure, Defendants move to dismiss all eleven Counts under Rule 12(b)(6) for failure to state plausible claims. Regrettably, Defendants' 12(b)(6) arguments (with two exceptions) set up a series of straw men to attack by ignoring the Amended Complaint's damning factual allegations—that Defendants misappropriated Plaintiff's registered trademarks on a website and paid advertisers to promote the infringing site—and repeating only the generic allegations set forth beneath the title for each separate Count. In so doing, Defendants invoke outlandish rhetoric to persuade the Court that the Complaint is impermissibly vague. (*See, e.g.,* Doc. 28, p. 22 ("The Complaint, again utilizing its characteristically boilerplate regurgitation of pleading elements without putting forth actual supporting claims, apes this statutory language, alleging . . . .")). Defendants would be better served by actually reading the Amended Complaint instead of studying their thesaurus.

#### 1. Counts I and II

Defendants move to dismiss Counts I and II (Lanham Act violations for direct and indirect trademark infringement), chiefly arguing (1) that they had never "heard of

Freedom Mentor LLC before receiving cease and desist letters," and (2) the Amended Complaint includes insufficient factual allegations to state plausible claims. (Doc. 28, pp. 13–17).

Defendants' first argument for dismissal—that they were unaware of Freedom Mentor LLC's existence until they received cease and desist letters—is without merit. At the motion to dismiss stage, the Court's review is limited to the complaint, and Defendants' unsworn assertions of fact refuting the complaint are not entitled to consideration. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Defendants' second argument is likewise deficient. To state a plausible trademark infringement claim under the Lanham Act based on a federally registered mark, "the plaintiff must allege that the mark was used in commerce by a defendant without the plaintiff's consent and that the defendant's use of the mark was likely to cause consumer confusion or to cause mistake or to deceive." *AWGI, LLC v. Team Smart Move, LLC*, No. 6:12–cv–948, 2012 WL 12904223, at *2 (M.D. Fla. Aug. 28, 2012) (citing *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007)). Here, the Amended Complaint sufficiently alleges that Defendants misappropriated Plaintiff's mark in commerce, and that Defendants' use of the purloined mark was likely to cause consumer confusion—and indeed caused consumer confusion in at least one instance. (Doc. 8, ¶¶ 11, 14–22, pp. 34, 38–39). "While [Defendants] may contest whether Defendants' use of a similar mark satisfies the 'likelihood of confusion' elements of the claims, this is not an issue that can be resolved on a motion to dismiss." *See AWGI*, 2012 WL 12904223, at *3; (Doc. 28, pp. 9–11).

*2. Count III*

Defendants likewise move to dismiss Count III (Florida common law trademark infringement claim). "Analysis for trademark infringement under the Lanham Act also applies to claims of Florida common law trademark infringement." *PortionPac Chem. Corp. v. Sanitech Sys., Inc.*, 210 F. Supp. 2d 1302, 1310 n.3 (M.D. Fla. 2002). Thus, having found that Plaintiff's Lanham Act claims meet *Twombly*'s plausibility threshold, the Court finds that Plaintiff's common law trademark infringement claim survives Defendants' dismissal motion.

*3. Count IV*

Next, Defendants move to dismiss Count IV (cybersquatting) for failure to plead with particularity the requisite "bad faith" element. To state a cybersquatting claim under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), Plaintiff must plead four elements:

> (1) the defendant has registered, trafficked in or used a domain name; (2) which is identical or confusingly similar to a mark owned by the plaintiff; (3) the mark was distinctive at the time of the defendant's registration of the domain name; and (4) the defendant has committed the acts with a bad faith intent to profit from the plaintiff's mark.

*Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2017 WL5957743, at *6 (S.D. Fla. Nov. 30, 2017) (quoting 5 McCarthy on Trademarks and Unfair Competition § 25A:50).

Plaintiff adequately alleges the elements of a cybersquatting claim. The first three elements are easily satisfied based on the allegations that, in offering online services, Defendants employed a domain name nearly identical to Plaintiff's registered trademark. *See, e.g.*, *Punch Clock, Inc. v. Smart Software Dev.*, 553 F. Supp. 2d 1353, 1358 (S.D. Fla. 2008). Likewise, the Amended Complaint alleges bad faith by "creating an inference

that Defendants intended to profit from the misuse of [Plaintiff's] marks" by diverting customers searching the internet for Plaintiff's marks to Defendants' website. *See Transamerica Corp. v. Moniker Online Servs.*, 672 F. Supp. 2d 1353, 1367 (S.D. Fla. 2009).

### 4. Counts V and VIII

Next, Defendants take aim at Counts V and VIII, (Lanham Act false designation of origin and unfair competition). To plead a false designation of origin claim, a complaint must allege that (1) the plaintiff had enforceable trademark rights in the mark, and (2) the defendant used marks similar enough to the plaintiff's to create a likelihood of consumer confusion. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997), *modified*, 122 F.3d 1379 (11th Cir. 1997). Similarly, to establish a Lanham Act unfair competition claim, a plaintiff "must establish valid ownership of the mark and that the defendant's use of the mark in commerce creates a likelihood of confusion." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1376 (M.D. Fla. 2008). Counts V and VIII easily meet the plausibility threshold. *See supra* Subsection III.C.1.

### 5. Count VI

Next, Defendants move to dismiss Count VI (trademark dilution). Defendants assert that the dilution claim is foreclosed because Plaintiff's trademarks are not famous. A trademark dilution claim has four elements: "(1) the mark is famous; (2) the alleged infringer adopted the mark after the mark became famous; (3) the infringer diluted the mark; and (4) the defendant's use is commercial and in commerce." *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1356 (S.D. Fla. Apr. 30, 2012) (quoting *Portionpac*

*Chem. Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d 1238, 1251 (M.D. Fla. 2002)). "[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125 (c)(2)(A). Trademark dilution claims only apply to "truly famous marks such as Budweiser beer, Camel cigarettes, and Barbie dolls." *Scalini*, 858 F. Supp. 2d at 1357.

Plaintiff fails to plausibly allege that its marks are famous. The Amended Complaint posits that the trademarks at issue "have gained significant market recognition over the years of continual use" and are "highly recognizable." (*Id.* ¶¶ 13, 90). In support, Plaintiff alleges that it is an "industry leader" in its field, and that it "has spent significant time and money" promoting its brand and services. (Doc. 8, ¶¶ 9, 12). The federal trademarks in dispute were issued in 2016 and 2017, respectively, though Plaintiff has used the marks in commerce since 2005. (*Id.* at pp. 28–31). These allegations do not support the conclusion that the marks are famous. The Amended Complaint is devoid of factual allegations as to monies spent on advertising, Plaintiff's sales, and hard numbers showing that the marks are widely recognized. Moreover, it is all but certain that Plaintiff's marks fall short of the "truly famous" status occupied by the likes of "Budweiser beer, Camel cigarettes, and Barbie dolls." *See Scalini*, 858 F. Supp. 2d at 1357. Thus, the Court finds Plaintiff's assertion that the marks are famous highly implausible, so Count VI is due to be dismissed.

6. *Count VII*

Defendants then seek dismissal of Count VII (civil conspiracy). Specifically, Defendants assert that the Amended Complaint does not specify the unlawful act element needed to make out a civil conspiracy claim. (*Id.* at p. 20).

To state a civil conspiracy claim under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *TacFone Wireless, Inc. v. GSM Group, Inc.*, 555 F. Supp. 2d 1331, 1338 (S.D. Fla. 2008). The unlawful act element may be satisfied by showing that defendants came together to infringe valid trademarks. *Id.* Here, the Amended Complaint's allegations that Defendants joined together in a venture to sell services from YOURFREEDOMMENTOR.COM, thereby infringing Plaintiff's trademarks and damaging Plaintiff, are sufficient to state a plausible civil conspiracy claim.

### 7. Counts IX and X

Next, Defendants move to dismiss Counts IX and X (unfair competition and deceptive trade practices). Again, Defense counsel invokes bewilderment at the Amended Complaint's "wholesale absence of supporting allegations." (Doc. 28, p. 21). A full review of the pleading, however, leads the Court to the inevitable conclusion that these claims are plausible.

Plaintiff brings Counts IX and X under the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Fla. Stat. § 501.201, *et seq*. A FDUTPA claim has three elements: "(i) a deceptive act or unfair practice; (ii) causation; and (iii) actual damages." *City First Mort. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008). An act is deceptive if there is a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1220 (S.D. Fla.

2008) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). Critically, a "successful [trademark] infringement claim supports a claim for violation of FDUTPA." *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1283 (S.D. Fla. 2012). Thus, the Court finds that Counts IX and X are plausible.

### 8. Count XI

Defendants next move to dismiss Count XI (unjust enrichment). The Amended Complaint's unjust enrichment claim is misplaced and cannot clear the 12(b)(6) hurdle. Unjust enrichment generally "refers to mistaken transfers," while wrongful enrichment "refers to wrongful takings." *Delta Air Lines, Inc. v. Network Consulting Assocs.*, No. 8:14–cv–948, 2014 WL 4347839, at *10 (M.D. Fla. Dec. 2, 2014). The Amended Complaint alleges that Defendants stole Plaintiff's intellectual property and does not allege (with facts) that Plaintiff "conferred a benefit on" Defendant, a necessary element of a Florida unjust enrichment claim. *See William Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (4th DCA 1994). While Plaintiff "may pursue damages under the Lanham Act in the form of Defendants' profits under a theory of unjust enrichment," the Amended Complaint's unjust enrichment claim is due to be dismissed. *See Delta Air Lines*, 2014 WL 4347839, at *10.

### 9. Attorneys' Fees

Finally, Defendants challenge Plaintiff's request for attorneys' fees under 15 U.S.C. § 1117(a). Section 1117(a) provides, in pertinent part, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is one that can be "characterized as malicious, fraudulent, deliberate[,] and willful." *Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 329 (11th Cir. 1989). Defendants' challenge is premature. They identify no caselaw requiring that the circumstances of an "exceptional

case" must be set forth in the complaint for a plaintiff to recover fees under § 1117(a). The result would not change if they had because the Amended Complaint pleads sufficient facts to plausibly support the premise that Defendants' infringement was malicious, fraudulent, deliberate, and willful. Therefore, Defendants' challenge to Plaintiff's request for fees pursuant to § 1117(a) is overruled.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**.

    a. Counts VI and XI of the Amended Complaint are **DISMISSED**.

    b. In all other respects, Defendants' Motion to Dismiss (Doc. 28) is **DENIED**.

2. Defendants shall answer the Amended Complaint on or before **Thursday, February 7, 2019**.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties